UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

USDC EDWI
FILED IN GREEN BAY DIV
JAN 1 3 2017
AT _____ O'CLOCK _____ M
JON W. SANFILIPPO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Case No. 16-CR-177

TRAVIS M. KAMPS,

    Defendant.

## PLEA AGREEMENT

1.     The United States of America, by its attorneys, Gregory J. Haanstad, United States Attorney for the Eastern District of Wisconsin, and Daniel R. Humble, Assistant United States Attorney, and the defendant, Travis M. Kamps, individually and by attorney Krista Halla-Valdes, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2.     The defendant has been charged in a single-count information which alleges a violation of Title 18, United States Code, Sections 2252A(a)(2) and (5)(B).

3.     The defendant has read and fully understands the charge contained in the information. He fully understands the nature and elements of the crime with which he has been charged, and the charge and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4.     The defendant voluntarily agrees to waive prosecution by indictment in open court.

5. The defendant voluntarily agrees to plead guilty to the following count set forth in full as follows:

**THE UNITED STATES ATTORNEY CHARGES THAT:**

1. On or about August 14, 2015, in the State and Eastern District of Wisconsin and elsewhere,

**TRAVIS M. KAMPS**

knowingly received child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using a means and facility of interstate and foreign commerce, that had been mailed, shipped and transported in and affecting interstate and foreign commerce, and which contained material which had been shipped, and transported by a means and facility of interstate and foreign commerce, including by computer.

2. The child pornography received by the defendant included a movie file identified by the following:

| Description |
|---|
| A movie file created and sent to Travis M. Kamps on August 14, 2015, at 8:56 a.m. depicting then 16-year-old minor, S.G., touching her vagina and engaged in masturbation. |

All in violation of Title 18, United States Code, Section 2252A(a)(2).

6. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described in paragraph 5. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt:

2

On Wednesday, February 3, 2016, Investigator T.J. Hilgenberg of the City of Seymour Police Department received a Cyber Tip through the State of Wisconsin – DCI. The National Center for Missing and Exploited Children reported that an unknown individual in the City of Seymour uploaded an image through the messaging site "Meet.me" with a juvenile displaying an erect penis, believed to be child pornography. This individual was identified on-line as "Thorald Stevenson"

Based on the above information and an IP address provided to Investigator Hilgenberg, Judges in Outagamie County issued search warrants for telephone records, messaging service records, messaging apps records, and internet provider records. These records identified "Thorald Stevenson" as being, in actuality, Travis M. Kamps, who resides in Seymour, Wisconsin, in the State and Eastern District of Wisconsin.

Chat logs reflect numerous on-line conversations between Kamps and underage girls from around the country. Kamps used his smartphone's internet access to initiate these conversations. Generally, he initiated his communications by sending the aforementioned picture of a juvenile displaying an erect penis and asked the minors to engage in sexual activity. As the conversations progressed, he requested nude photos and engaged in sexual conversation with females whom he knew to be underage. He misrepresented his age to be 16 or 17 years old, though he was actually anywhere from 22-24 years old depending on the time that the exchanges occurred. Though many of the victims remain unidentified, victims in New Hampshire, Connecticut, and Illinois were identified and interviewed by law enforcement.

His contact with the victim in Illinois forms the basis of the charge alleged in the information. Kamps and the minor victim, S.G., had many communications of a sexual nature and he received numerous sexually explicit photographs from the victim who was 16 at the time. On August 14, 2015, Travis Kamps received on his smartphone a video of S.G. masturbating. Investigator Hilgenberg spoke with S.G. who stated that she had been misled by Kamps who represented himself as a younger, more attractive 16 or 17-year-old. She believed that Kamps cared for her and believed that they would eventually have a relationship together. S.G. stated that she would not have sent him the sexually explicit videos and photographs had she known the truth about his age and identity.

3

Kamps spoke to law enforcement, acknowledged that he was "Thorald Stevenson," and admitted he had committed wrongful acts on-line. He admitted that he had received sexually explicit photographs from minor girls from around the country.

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

## PENALTIES

7. The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries the following maximum term of imprisonment and fine: 20 years and $250,000. The count also carries a mandatory minimum of at least 5 years of imprisonment. The count also carries at least a 5-year term of supervised release, and a maximum of life on supervised release. The count also carries a $100 special assessment. The parties further recognize that a restitution order may be entered by the court. *Finally, if the court determines that the defendant is non-indigent, the court must impose a $5,000 special assessment for each relevant count of conviction. This amount cannot be reduced and it applies to offenses committed after the date of May 29, 2015.*

8. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney.

## DISMISSAL OF INDICTMENT

9. The government agrees to move to dismiss the original indictment the time of sentencing.

## ELEMENTS

10. The parties understand and agree that in order to sustain the charge of receipt of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(2) as set forth

4

in the information, the government must prove each of the following propositions beyond a reasonable doubt:

> *First*, that the defendant knowingly received the material identified in the information;
>
> *Second*, that the material identified in the information is child pornography;
>
> *Third*, the defendant knew that one or more of the persons depicted in the material was under the age of eighteen years; and
>
> *Fourth*, the material identified in the information was shipped or transported in interstate or foreign commerce.

## **SENTENCING PROVISIONS**

11. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

12. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

13. The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offense set forth in paragraph 5. The defendant acknowledges and agrees that his attorney in turn has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

14. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal

5

history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

## Sentencing Guidelines Calculations

15. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

16. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

## Base Offense Level

17. The parties acknowledge and understand that the parties will recommend to the sentencing court that the applicable base offense level for the offense charged in the information is 22 under Sentencing Guidelines Manual § 2G2.2(a)(2).

## Specific Offense Characteristics

18. The parties acknowledge and understand that the government will recommend to the sentencing court a two-level increase because the offense involved the use of a computer under Sentencing Guidelines Manual §2G2.2(b)(6).

6

### Acceptance of Responsibility

19.     The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

### Sentencing Recommendations

20.     Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

21.     Both parties reserve the right to make any recommendation regarding any other matters not specifically addressed by this agreement.

22.     The government agrees to recommend the mandatory minimum sentence of 5 years imprisonment.

### Court's Determinations at Sentencing

23.     The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 7 above. The parties further understand that the sentencing court

7

will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

24. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

25. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction. The defendant further understands that any payment schedule imposed by the sentencing court shall be the minimum the defendant is expected to pay and that the government's collection of any and all court imposed financial obligations is not limited to the payment schedule. The defendant agrees not to request any delay or stay in payment of any and all financial obligations. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs participation or imposes a schedule of payments.

26. The defendant agrees to provide to the Financial Litigation Unit (FLU) of the United States Attorney's Office, upon request of the FLU during any period of probation or supervised release imposed by the court, a complete and sworn financial statement on a form provided by FLU and any documentation required by the form. The defendant further agrees, upon request of FLU whether made before or after sentencing, to promptly: cooperate in the identification of assets in which the defendant has an interest, cooperate in the liquidation of any such assets, and participate in an asset deposition.

8

### Fine

27. The government will recommend to the court that no fine be imposed upon the defendant.

### Special Assessment

28. The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing.

### Restitution

29. The defendant agrees to pay restitution if ordered by the court. The defendant understands that because restitution for the offense is mandatory pursuant to Title 18, United States Code, Section 2259, the amount of restitution shall be imposed by the court regardless of the defendant's financial resources. The defendant agrees to cooperate in efforts to collect the restitution obligation. The defendant understands that imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action.

### Forfeiture

30. The defendant agrees to the forfeiture of all properties listed in the information which were used to facilitate such offense. The defendant agrees to the forfeiture of these properties and to the immediate entry of a preliminary order of forfeiture. The defendant agrees that he has an interest in each of the listed properties. The parties acknowledge and understand that the government reserves the right to proceed against assets not identified in this agreement.

### DEFENDANT'S WAIVER OF RIGHTS

31. In entering this agreement, the defendant acknowledges and understands that he surrenders certain rights which include the following:

　　a.　If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant

9

has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

    b.    If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

    c.    If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

    d.    At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

    e.    At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

32.    The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

33. The defendant acknowledges and understands that he will be adjudicated guilty of the offense to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

34. Based on the government's concessions in this agreement, the defendant knowingly and voluntarily waives his right to appeal his sentence in this case and further waives his right to challenge his conviction or sentence in any post-conviction proceeding, including but not limited to a motion pursuant to 28 U.S.C. § 2255. This waiver does not extend to an appeal or post-conviction motion based on (1) any punishment in excess of the statutory maximum, (2) the sentencing court's reliance on any constitutionally impermissible factor, and (3) ineffective assistance of counsel.

## MISCELLANEOUS MATTERS

35. Pursuant to 18 U.S.C. § 3583(d), the defendant has been advised and understands the court shall order as a mandatory condition of supervised release, that the defendant comply with state sex offender registration requirements. The defendant also has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: the location of his residence; the location of his employment; and, if he is a student, the location of his school. Registration will require that the defendant provide information that includes, name, residence address, and the names and addresses of any places at which he will be an employee or a student. The defendant understands that he must update his registration not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations may subject him to prosecution for

11

failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine and/or imprisonment.

## GENERAL MATTERS

36. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

37. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

38. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

39. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed

12

against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and his attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

## **VOLUNTARINESS OF DEFENDANT'S PLEA**

40. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 1/13/17

TRAVIS M. KAMPS
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 1/13/17

KRISTA HALLA-VALDES
Attorney for Defendant

For the United States of America:

Date: 1/13/17

GREGORY J. HAANSTAD
United States Attorney

Date: 1/15/17

DANIEL R. HUMBLE
Assistant United States Attorney

14