UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                 Case No. 16-CR-177

TRAVIS M. KAMPS,

    Defendant.

## SENTENCING MEMORANDUM

Travis M. Kamps, through counsel, submits the following memorandum in anticipation of his sentencing on Monday, April 17, 2017. Counsel submits the following memorandum in support of a mandatory minimum five years sentence being sufficient but not greater than necessary to meet the requirements of 18 U.S.C. § 3553(a).

I.     *SECTION 3553(a) FACTORS*

    **A.**     **Nature of the Offense and History and Characteristics of Mr. Kamps**

Counsel relies on the description of the offense within the Pre-Sentence Investigation Report (PSR). Mr. Kamps had no actual in person contact with any of the individuals he contacted through the internet. Further, Mr. Kamps did not distribute any of the material, whether it be photo images or videos, to anyone. This

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

is also not a case that involves thousands of images or videos. The total number attributed to Mr. Kamps is 375 based on law enforcement finding 5 videos on his cell phone. Finally, Mr. Kamps stopped his behavior before law enforcement even came on the scene. In speaking to this, Mr. Kamps indicated that he knew what he was doing was wrong and therefore, stopped it three months before law enforcement came to question him. Mr. Kamps is extremely remorseful for his behavior and wishes he could take it back, however he understands he can't. Hopefully, he can complete his sentence as quickly as possible and put this all behind him, come out of custody and resume his life with his family.

      As for Mr. Kamps himself, this is his first time in trouble with the law. He is a young man that by all accounts was somewhat isolated and teased as a child at school, however he has always had a close relationship with his family. He is shy and somewhat awkward around girls and has had little to no sexual relationships. Mr. Kamps spends a majority of his time working the family business. With that, he spends most of his time with his family and one very close friend. Recently[1], Mr. Kamps learned that he has the same kidney disease, Alport Syndrome, as his older brother. Although he is not at the level of seriousness as his brother who requires

---

[1] Although the PSR indicates this was diagnosed in 2001, that is incorrect. Mr. Kamps was only diagnosed with it in 2017. After learning that it is hereditary, both Mr. Kamps and his younger brother were tested for it to determine whether they carried the gene and unfortunately for Mr. Kamps, it was confirmed.

dialysis three times per week, it is something that is being treated now with a combination of medication that is traditionally used to treat high blood pressure and cholesterol (Lisinopril and Atorvastatinan). However as the PSR indicates at paragraph 59, approximately 50% of those inflicted with this disease require dialysis or kidney transplants by the age of 25. Mr. Kamps only turned 25 in January so this is definitely a concern and something that must be closely monitored by doctors.

### B. Policy Considerations

The offense is indeed serious and the statutory penalty structure in and of itself recognizes the seriousness of the offense, and a sentence at the mandatory minimum by law meets Congress' determination of seriousness. The converse, of course, is that the sentence should not reflect the seriousness of any crime that the defendant did not commit. Fairly obviously, Mr. Kamps is not before the court having been convicted of an assaultive crime or a hands on offense. The sentence here, therefore, should encompass the seriousness of this offense and not other offenses within the same overarching label of a sex offense, like a producer or hands-on offender. Significantly, the government also agrees that a five year sentence for Mr. Kamps adequately addresses the seriousness of the offense.

This legal intervention has already had a significant impact on Mr. Kamps. Although punishment is necessary, it is clear treatment is as well. A sentence of 5 years is sufficient punishment for Mr. Kamps' first conviction, especially in light of

the fact that he has otherwise been a productive and pro-social member of society. As noted in *Gall v. United States* by the district court in that case, "a sentence of imprisonment may work to promote not respect, but derision, of the law if the law is viewed as merely a means to dispense harsh punishment without taking into account the real conduct and circumstances involved in the offense." 128 S. Ct. 586, 599 (2007). A within-guideline sentence in this case would promote such derision. Five years — a long sentence — correctly reflects the serious nature of this offense.

Adequate deterrence as to Mr. Kamps is achieved by the prosecution, felony conviction, required registration as a sex offender, and first time incarceration of years, not mere months. Mr. Kamps completely understands the severity of his actions and is remorseful. Treatment is necessary, and it is highly likely that it will be effective in deterring Mr. Kamps from re-offending in the future.

As for general deterrence, it is a more difficult concept to address, especially when it comes to child pornography. The fact is that the market for child pornography is, depressingly, world-wide. Images and videos are widely available and free over the internet. And as the Court has even acknowledged, ours is a society that has become essentially obsessed with sex. One cannot turn on a television or open a magazine or play a video game without being completely overwhelmed with messages or images that are of a sexual nature. So even were the Court to impose a guideline range sentence, it would likely not have the desired

general deterrent effect on such a market. That is not to say that Mr. Kamps should not receive any punishment but five years is still a very long time and the sentencing policy of general deterrence is not nearly strong enough to support a sentence within the guideline range.

To protect the public from Mr. Kamps essentially means stopping him from this type of behavior or worse behavior in the future. As stated previously, Mr. Kamps is more than amenable to treatment and supervision. As the Court is aware, a period of supervised release must be imposed. With the Court having the authority to sentence Mr. Kamps to a lifetime of supervised release as well as the fact that he will be required to register as a sex offender, any further protection of the community can be achieved through these methods and collateral consequences.

## II.  *REQUEST FOR SELF-SURRENDER*

Counsel is well aware that Mr. Kamps' conviction is within Chapter 10 of Title 18 of the United States Code and thereby defined as a crime of violence. *See* 18 U.S.C. § 3156(a)(4)( C). Accordingly, under 18 U.S.C. § 3142(a)(2), the court "shall order that a person who has been found guilty of an offense [that is a crime of violence]…..awaiting execution of sentence be detained…..". As Mr. Kamps does not fit within any of the exceptions – imprisonment is required by law and there was no trial – he fits squarely within this category requiring detention. However, 18 U.S.C. § 3145( c) permits the court to order release under "…appropriate

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

conditions…if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." Notwithstanding the fact that Mr. Kamps' crime for which he was convicted, viewing images of child pornography on his cell phone, does not fit the general view of a violent crime, counsel believes there are exceptional reasons why Mr. Kamps should be permitted to self surrender.

First, Mr. Kamps was questioned by law enforcement on May 25, 2016. At the time in which law enforcement showed up at the Kamps' residence, Mr. Kamps was in Maryland working with his father. The two agreed to return to the area at the end of the work week so Mr. Kamps could be questioned by law enforcement. From the day in which law enforcement went to execute the search warrant, May 20, 2016, Mr. Kamps has been cooperative with all aspects of this case. At no time did Mr. Kamps ever try to avoid the court process, his acceptance of responsibility for what he did, nor the serious consequences that he would receive. In fact, at the commencement of this case, Mr. Kamps was charged with an offense requiring a minimum mandatory 15 years in prison. Knowing that, he maintained contact with law enforcement and appeared by summons on November 10 of last year to answer to the charges at his arraignment. Subsequently, he appeared before the court pleading guilty in January and stands now before the court knowing he will receive a minimum of five years in prison with the potential maximum of forty years. At this

6

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

Case 1:16-cr-00177-WCG   Filed 04/14/17   Page 6 of 10   Document 17

point, Mr. Kamps has done nothing to raise a concern that he would not self report to a designated prison when ordered to do so.

Second, Mr. Kamps has been completely compliant with all conditions of his release which includes strict location monitoring. When asked to meet with his supervising pretrial officer he has. Everything counsel has asked of him, he has also done. At no point has there been any issue as to his ability to follow through on an order of the Court.

Third, Mr. Kamps has seen a doctor for ongoing depression and anxiety and has been prescribed Sertraline to deal with both of these. Continuing his medication, as well as continued counseling as it leads up to the time he is to enter prison is a positive not only for Mr. Kamps but his family as well. This also benefits the community as Mr. Kamps continues to address underlying matters that likely contributed to his behavior at issue here.

Fourth, Mr. Kamps has never served any time in custody. As this conviction is defined as a crime of violence and he is young, Mr. Kamps already has a substantial number of points within the Bureau of Prison's (BOP) classification system. If he is permitted to self surrender, his point total is reduced by three. Any reduction in Mr. Kamp's points will naturally benefit him in terms of the level of security prison he is designated to within the BOP.

Fifth, counsel believes the court can consider the cost involved in the government transporting Mr. Kamps versus him paying that cost himself, as well as the toll the transport will take on Mr. Kamps. Recently, in *United States v. Presley*, 2015 WL 3622073 (7th Cir. Jun. 11, 2015), the Seventh Circuit referred to the fact that the cost of imprisonment is one of the many factors that should be considered in deciding on the length of a sentence to impose. With that in mind, counsel believes considering the cost to the government in transporting Mr. Kamps to his designated institution is appropriate and can be considered as one among many reasons as to why self surrender is warranted here. The significant costs in transporting Mr. Kamps and then paying for his stay within these various institutions and county jails is certainly not trivial. As to Mr. Kamps, these costs as well as the toll on Mr. Kamps and his family, can be avoided with self surrender. Mr. Kamps would be assured of receiving his medications, could continue to seek out counseling with the same doctor he has been seeing, remain on the same conditions he has while on pretrial release since November, and incur all the costs necessary to transport himself to the prison BOP designates him to.

Sixth, Mr. Kamps is at significant risk of violence based simply on the nature of the offense he has been convicted of. Counsel has had many other clients convicted of similar type offenses, sustain serious beatings at the hands of other inmates while going through the transportation process. Within the past year alone,

counsel had two clients in their twenties receive severe injuries while at Federal Transfer Center in Oklahoma because other inmates learned they were sex offenders. Mr. Kamps will likely receive an ultimate designation of a facility that has a large percentage of sex offenders.[2] This is of huge concern to Mr. Kamps and his family, especially in light of his recent diagnosis of Alport Syndrome. Any additional stress placed on his kidneys could result in complete renal failure and place Mr. Kamps' health in a compromised position.

Finally, the government has no objection to Mr. Kamps being permitted to self surrender to an institution designated by the BOP at a time and date determined by them. When one couples this with all the other reasons listed above, the "exceptional reason" standard as to why detention is not appropriate as set out in 18 U.S.C. § 3145( c), has been met and the court can and should order self surrender for Mr. Kamps.

## III. *CONCLUSION*

A sentence well below the guideline range is warranted in this instance. Mr. Kamps' pro-social history, lack of criminal records, extreme remorse, amenability to treatment, strong family support, and his cooperation with law

---

[2]Other clients convicted of sex offenses have referred to specific institutions as sex offender yards. This essentially means that there is a large population of sex offenders at the institution thereby making it a safer location for those convicted of these types of offenses to do their time. Both USP-Marion in Illinois and FCI-Elkton in Ohio are two such institutions.

9
FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.
Case 1:16-cr-00177-WCG   Filed 04/14/17   Page 9 of 10   Document 17

enforcement all present as mitigating factors in favor of the least possible sentence that the court can impose in this case, five years. Further, the government is in agreement with a five year sentence in this case and indicated as such in the plea agreement. There can be little to no doubt that a minimum mandatory sentence of five years is sufficient but not greater than necessary to meet all the purposes of sentencing Mr. Kamps. For all the above reasons, the Court should sentence Mr. Kamps to five years (60 months) imprisonment followed by a significant period of supervised release. Further the court should allow Mr. Kamps to self-surrender to the institution designated by the Bureau of Prisons based on all the arguments stated above.

Dated at Green Bay, Wisconsin, this 14th day of April, 2017.

Respectfully submitted,

**s / Krista Halla-Valdes**
Krista Halla-Valdes, Florida Bar #0073369
Attorney for Travis M. Kamps
Federal Defender Services of Wisconsin, Inc.
801 E. Walnut Street, Second Floor
Green Bay, Wisconsin 54301
Tel: 920-430-9900
Fax: 920-430-9901
krista_halla-valdes@fd.org