

# Office of the Attorney General
## Washington, D. C. 20530

March 26, 2020

MEMORANDUM FOR DIRECTOR OF BUREAU PRISONS

FROM:          THE ATTORNEY GENERAL

SUBJECT:     <u>Prioritization of Home Confinement As Appropriate in Response to COVID-19 Pandemic</u>

Thank you for your tremendous service to our nation during the present crisis. The current situation is challenging for us all, but I have great confidence in the ability of the Bureau of Prisons (BOP) to perform its critical mission during these difficult times. We have some of the best-run prisons in the world and I am confident in our ability to keep inmates in our prisons as safe as possible from the pandemic currently sweeping across the globe. At the same time, there are some at-risk inmates who are non-violent and pose minimal likelihood of recidivism and who might be safer serving their sentences in home confinement rather than in BOP facilities. I am issuing this Memorandum to ensure that we utilize home confinement, where appropriate, to protect the health and safety of BOP personnel and the people in our custody.

### I. **TRANSFER OF INMATES TO HOME CONFINEMENT WHERE APPROPRIATE TO DECREASE THE RISKS TO THEIR HEALTH**

One of BOP's tools to manage the prison population and keep inmates safe is the ability to grant certain eligible prisoners home confinement in certain circumstances. I am hereby directing you to prioritize the use of your various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic. Many inmates will be safer in BOP facilities where the population is controlled and there is ready access to doctors and medical care. But for some eligible inmates, home confinement might be more effective in protecting their health.

In assessing which inmates should be granted home confinement pursuant to this Memorandum, you are to consider the totality of circumstances for each individual inmate, the statutory requirements for home confinement, and the following non-exhaustive list of discretionary factors:

- The age and vulnerability of the inmate to COVID-19, in accordance with the Centers for Disease Control and Prevention (CDC) guidelines;



EXHIBIT A

Memorandum from the Attorney General  
Subject: Prioritization of Home Confinement As Appropriate in Response to COVID-19 Pandemic

Page 2

- The security level of the facility currently holding the inmate, with priority given to inmates residing in low and minimum security facilities;

- The inmate's conduct in prison, with inmates who have engaged in violent or gang-related activity in prison or who have incurred a BOP violation within the last year not receiving priority treatment under this Memorandum;

- The inmate's score under PATTERN, with inmates who have anything above a minimum score not receiving priority treatment under this Memorandum;

- Whether the inmate has a demonstrated and verifiable re-entry plan that will prevent recidivism and maximize public safety, including verification that the conditions under which the inmate would be confined upon release would present a lower risk of contracting COVID-19 than the inmate would face in his or her BOP facility;

- The inmate's crime of conviction, and assessment of the danger posed by the inmate to the community. Some offenses, such as sex offenses, will render an inmate ineligible for home detention. Other serious offenses should weigh more heavily against consideration for home detention.

In addition to considering these factors, before granting any inmate discretionary release, the BOP Medical Director, or someone he designates, will, based on CDC guidance, make an assessment of the inmate's risk factors for severe COVID-19 illness, risks of COVID-19 at the inmate's prison facility, as well as the risks of COVID-19 at the location in which the inmate seeks home confinement. We should not grant home confinement to inmates when doing so is likely to increase their risk of contracting COVID-19. You should grant home confinement only when BOP has determined—based on the totality of the circumstances for each individual inmate—that transfer to home confinement is likely not to increase the inmate's risk of contracting COVID-19.

## II. PROTECTING THE PUBLIC

While we have an obligation to protect BOP personnel and the people in BOP custody, we also have an obligation to protect the public. That means we cannot take any risk of transferring inmates to home confinement that will contribute to the spread of COVID-19, or put the public at risk in other ways. I am therefore directing you to place any inmate to whom you grant home confinement in a mandatory 14-day quarantine period before that inmate is discharged from a BOP facility to home confinement. Inmates transferred to home confinement under this prioritized process should also be subject to location monitoring services and, where a court order is entered, be subject to supervised release.

We must do the best we can to minimize the risk of COVID-19 to those in our custody, while also minimizing the risk to the public. I thank you for your service to the country and assistance in implementing this Memorandum.



U.S. Department of Justice
Memorandum
Federal Bureau of Prisons

*Correctional Programs Branch*

*Central Office*
*320 First Street, N.W.*
*Washington, DC 20534*

MEMORANDUM FOR CORRECTIONAL PROGRAM ADMINISTRATORS

FROM: David Brewer, Acting Senior Deputy Assistant Director

SUBJECT: Furlough and Home Confinement Additional Guidance

The following guidance is provided from information contained in the CARES Act, memoranda from Attorney General Barr, and the Bureau of Prisons. This memorandum rescinds guidance previously provided.

### Furlough

The current pandemic is considered an urgent situation that may warrant an emergency furlough under 570.32(b)(1) and 570.33(b). These regulations authorize a non-transfer emergency furlough if the inmate is otherwise deemed appropriate, even if he/she has been submitted for Home Confinement (HC). Effective April 16, 2020, all inmates referred for an emergency furlough due to the Covid-19 pandemic should be submitted and keyed as FURL CRI.

Inmates who have been referred for a release planning furlough based on guidance issued prior to April 16, 2020, do not require a new application. These inmates should be keyed out of the facility as FURL REL. Furlough applications completed on or after April 16, 2020, should follow the updated guidance. Inmates within 12 months of his/her Projected Release Date (PRD), or those who have received Home Confinement placement and have a PRD exceeding one year, should be reviewed for furlough.

### Home Confinement

In an effort to alleviate concerns and questions, the following criteria should be met when reviewing and referring inmates for HC:

- Primary or prior offense is not violent

- Primary or prior offense is not a sex offense
- Primary or prior offense is not terrorism
- No detainer
- Mental Health Care Level is less than CARE-MH 4
- PATTERN risk score is Minimum (R-MIN)
- No incident reports in the past 12 months (regardless of severity level)
- U.S. Citizen
- Viable Release Plan

If the inmate meets the criteria above, the following factors should be noted, but are not a reason for denial:
- Age
- Projected Release Date
- Percentage of time served
- Medical Care Level
- Victim Witness Program
- Arrival dated (ARSD)

Any concerns regarding an inmate's suitability for HC placement should be noted in Section 11 of the BP-210, *Institutional Referral for CCC Placement*. It is strongly encouraged to refer inmates currently housed in a facility with active Covid-19 cases.

For inmates requesting relocation, a release plan must be submitted to the USPO prior to HC referral submission. The USPO approval letter must be forwarded to the RRM, once received. Institution staff should contact the Health Service Specialist in the RRM's office with questions regarding HC placement for inmates with medical concerns.

If you have any questions, please contact David Brewer, Acting Senior Deputy Assistant Director, Correctional Programs Division, at (202)353-3638.