I. **Court finds equitable exceptions to exhaustion requirement**

   a. *United States v. Scparta*, 2020 WL 1910481, at *13 (S.D.N.Y. April 19, 2020)( In previous case, court relied on *United States v. Gross*, 2020 WL 186225, to find exhaustion could not be waived; Court cited to *United States v. Russo*, 2020 WL 1862294, for changing its position and applying equitable exceptions; "Without the application of equitable exceptions, prisoners bringing compassionate-release motions due to COVID-19 may never obtain timely judicial review before the virus takes its toll;" Because "the 30-day rule was meant as an accelerant to judicial review . . . it would pervert congressional intent to treat it as a substantial obstacle to effective judicial review.")

   b. *United States v. Logan*, 12CR307, ECF No. 140, at *6 (N.D.N.Y. Apr. 22, 2020) (believes exhaustion can be waived and applied equitable exception to 30-day rule to grant CR)

   c. *U.S. v. Haney*, 2020 WL 1821988, at *3-4 (S.D.N.Y. Apr. 13, 2020) (even though the "relevant exhaustion requirement is imposed by statute," Congress "cannot have intended the 30-day waiting period . . . to rigidly apply," and exhaustion is excused)

   d. *United States v. Minor, Jr.*, 18CR80152, ECF No. 35 at *2-3 (S.D.FL April 17, 2020)(over government's objection because client's petition for CR filed with warden and denied only days before, court determines equitable exception to exhaustion applies and grants CR)

   e. *United States v. Atwi*, 2020 WL 1910152, at *6 (E.D. MI, April 20, 2020)(Follows *Haney* decision and allows motion to be heard immediately over government's objection, and grants CR)



f. *U.S. v. Sanchez*, 2020 WL 1933815, at *5 (D. Conn. Apr. 22, 2020) ("In light of this Congressional purpose, the Court finds it has the discretion to waive the 30-day waiting period where strict enforcement would not serve the Congressional objective of allowing meaningful and prompt judicial review.")

g. *U.S. v. Bess*, 2020 WL 1940809, at *6 (W.D.N.Y. Apr. 22, 2020) (finding "were this Court not to excuse [defendant's] failure to exhaust, the outcome easily could be fatal," and "it is hornbook law that limitations periods are 'customarily subject to equitable tolling'")

h. *U.S. v. Love*, No. 14CR4, ECF No. 41, at *2 ,*4 (W.D. Mich. Apr. 21, 2020) ("the Court finds that the administrative 30-day delay would unduly prejudice him" and grants CR from Love's pro se motion)

i. *Samy v. U.S.*, 2020 WL 1888842, at *2 (E.D. Mich. Apr. 16, 2020) (excusing exhaustion because "it would be futile" and "a delay would unduly prejudice" defendant)

j. *U.S. v. Coles*, 2020 WL 1899562, at *5 (E.D. Mich. Apr. 17, 2020) (forcing defendant to file "his claim with the BOP first is futile. . . . the exhaustion requirement is waived and [the] request for compassionate release may be properly considered by the Court.")

k. *U.S. v. Ben-Yhwh*, 2020 WL 1874125, at *4 (D. Haw. Apr. 13, 2020) ("requiring Ben-Yhwh to exhaust administrative remedies under the circumstances presented renders exhaustion of the BOP administrative process futile and inadequate, and unduly prejudicial")

l. *U.S. v. Carver*, 19CR6044, ECF No. 76, at *3 (E.D. Wa. Apr. 8, 2020) ("Defendant is excused from the administrative exhaustion requirement.")

m. *U.S. v. Perez*, 2020 WL 1546422, at *2 (S.D.N.Y. Apr. 1, 2020) (§ 3582 exhaustion excused)

n. *U.S. v. Haney*, 2020 WL 1821988, at *3 (S.D.N.Y. Apr. 13, 2020) (even though the "relevant exhaustion requirement is imposed by statute," Congress "cannot have intended the 30-day waiting period . . . to rigidly apply," and exhaustion is excused)

o. *U.S. v. Zukerman*, 2020 WL 1659880, at *2 (S.D.N.Y. Apr. 3, 2020) (§ 3582 exhaustion waived)

p. *U.S. v. Colvin*, 2020 WL 1613943, at *2 (D. Conn. Apr. 2, 2020) (Finds exceptions to exhaustion requirement; exhaustion waived and CR granted)

q. *U.S. v. Smith*, 2020 WL 1849748, at *4 (S.D.N.Y. Apr. 13, 2020) ("judicial waiver is permissible in light of the extraordinary threat certain inmates face from COVID-19");

r. *U.S. v. Bin Wen*, 2020 WL 1845104, at *4 (W.D.N.Y. Apr. 13, 2020) ("the law is well-established that even statutory exhaustion requirements — so long as not jurisdictional in nature — are subject to the doctrines of waiver and equitable estoppel" and grants CR);

s. *U.S. v. Powell*, 2020 WL 1698194, at *1-2 (D.D.C. Mar. 28, 2020) ("requiring defendant to first seek relief through the [BOP] administrative process would be futile");

t. *U.S. v. Gonzalez*, 2020 WL 1536155, at *1 (E.D. Wa. Mar. 31, 2020)(Administrative remedies deemed exhausted over government objection and court granted CR)

u. *United States v. Henao*, 2020 WL 1812447 (E.D.N.Y. April 9, 2020)(court finds exception to exhaustion requirement and grants CR)

v. *United States v. McCarthy*, 2020 WL1698732 (D. Conn. April 8, 2020)(Court found exception to the exhaustion requirements and grants CR)

w. *United States v. Miller*, 2020 WL 1814084 (E.D. Mi., April 9, 2020)(Exceptions to the exhaustion requirement apply and court deems medical condition substantially increases risk to defendant and grants CR)

x. *United States v. Sawicz*, 2020 WL 1815851 (E.D.N.Y. April 10, 2020)(Exceptions to exhaustion requirement apply and CR granted)

y. *Thody v. Swain*, 2019 WL 7842560, at *2 (C.D. Cal. Nov. 26, 2019) (pre-coronavirus § 3582 case noting district court may excuse failure to exhaust).

z. *United States v. Coles*, 00CR20051, ECF No. at *14-15 (C.D. IL April 24, 2020) (Court finds exhaustion of administrative remedies waived here because of serious and imminent harm from this pandemic however will not waive in all cases; serious and imminent because Coles at FCI-Elkton)

aa. *United States v. Saad*, 16CR20197, ECF No. 64 at *11(E.D. Mi April 29, 2020)(waive exhaustion because of Saad's medical condition and covid-19 is at FCI-Milan so not speculative danger any longer)

II. **Government waives exhaustion requirement/has no objection to granting CR**

 a. *United States v. Russo*, 2020 WL 1862294, at *4-7 (S.D.N.Y. Apr. 14, 2020)(discussion of equitable exception to exhaustion requirement; government does not object and court grants CR)

 b. *United States v. Haynes*, Case No. 18CR6015, ECF No. 270 (W.D.N.Y. Apr. 14, 2020)(Government does not oppose waiver of exhaustion requirement and court grants CR)

c. *United States v. Knox*, 15CR445, ECF No. 1086 (S.D.N.Y. Apr. 10, 2020) (Government agreed to waive argument that defendant had failed to exhaust administrative remedies and CR granted)

d. *United States. v. Gentille*, 2020 WL 1814158, at *2 (S.D.N.Y. Apr. 9, 2020) (noting government "stated it would waive any argument that Gentille had failed to satisfy the exhaustion requirement")

e. *United States v. Roberts*, 2020 WL 170032, at *1 (S.D.N.Y. Apr. 8, 2020)

f. *United States v. Jasper*, 18CR390, ECF No. 440 (S.D.N.Y. Apr. 6, 2020) (government concession on exhaustion)

g. *United States v. Gentry*, 19CR78, ECF No. 98 (DNJ Apr. 5, 2020) (where defendant not in BOP custody futility exception permits court to review exhaustion requirement)

h. *United States v. Ghorbani*, 18CR255, ECF No. 129 (D.D.C. Apr. 3, 2020) (joint government & defense submission acknowledging exhaustion can be waived)

i. *United States v. Powell*, 2020 WL 1698194, at *1-2 (D.D.C. Mar. 28, 2020) (granting **unopposed** motion for compassionate release in light of COVID-19 and finding it "would be **futile**" to require defendant to first exhaust in light of open misdemeanor case).

j. *United States v. Dana*, 14CR405, ECF Nos. 107 & 108 (S.D. N.Y., March 31, 2020) (Dana files letter request for home confinement which government does not oppose and court grants request).

k. *United States v. Gileno*, 2020 WL 1904666, at *3, *8 (D. Conn., April 17, 2020)(Court denied earlier request for failure to exhaust and government then filed no objection to CR so exhaustion no longer required and court grants CR)

l. *United States v. Plunk*, 94CR36, ECF No. 733 (D. Alaska, April 9, 2020)(Government has no objection to Plunk's petition for CR being granted even though petition still under review by BOP; 2 life sentences reduced to time served)

m. *United States v. Tinsley*, 12CR20, ECF 104 at *1 (WDNC April 28, 2020)(Government conceded CR based on severe medical concerns regardless of fact no exhaustion of administrative remedies)